such a case, it follows that, in view of the terms of the prior letter, the so-called tender, without the defendant being present, was ineffective.

The judgment, therefore, must be varied, so far as to make defendant's recovery of possession of the diamonds dependent upon her payment of the amount theretofore adjudged to plaintiff for his debt, interest, and costs, and, as thus modified, the judgment is affirmed, without costs of these appeals to either party.

---

WINNE v. QUEENS LAND & TITLE CO., Inc.   (No. 634 E.)

(Supreme Court, Appellate Division, Second Department.   November 6, 1914.)

1. LIMITATION OF ACTIONS (§ 66*)—COMPUTATION OF PERIOD—DEMAND.

Under Code Civ. Proc. § 410, providing that where the right exists, but a demand is necessary to enable the person to maintain an action, the time for commencing the action is computed from the time when the right to make the demand is complete, a right of action for the specific performance of a vendor's agreement to repurchase the land at any time after six months if the purchaser was dissatisfied accrued at the end of the six months period, although no demand was made at that time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 353–375; Dec. Dig. § 66.*]

2. LIMITATION OF ACTIONS (§ 36*)—SPECIFIC PERFORMANCE—CODE PROVISIONS.

The equitable right to specifically enforce a vendor's agreement to repurchase land is concurrent with the remedy at law, and is barred when the legal remedy is barred by the six-year statute of limitations (Code Civ. Proc. § 382), and not by the ten-year statute (Code Civ. Proc. § 388), which applies to actions of which the limitation is not specifically prescribed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 168–181; Dec. Dig. § 36.*]

Appeal from Trial Term, Nassau County.

Action by Charles M. Winne against the Queens Land & Title Company, Incorporated.   Judgment for defendant, and plaintiff appeals. Affirmed.

The opinion of Jaycox, J., at the Trial Term, was as follows:

On the 5th day of January, 1906, the plaintiff and the defendant entered into an agreement for the sale of certain lands then owned by the defendant. The purchase price was to be paid in installments.   After the plaintiff had made some payments, and before he had paid the full amount of the purchase price, the defendant wrote him a letter offering to discount the purchase price 10 per cent. if paid in full.   In this letter the defendant stated: "In the event of your taking deed to your property at this time, we beg to state that, if at any time after six months from the date of your deed you desire to sell these lots, we will purchase the same from you, allowing you 10 per cent. on your investment."   The plaintiff accepted the proposition, paid the balance in cash, and received a deed dated May 25, 1906.   On the 10th of January, 1913, the plaintiff tendered the defendant a deed of the property purchased from it and demanded that the defendant repurchase the same for the amount of the original purchase price, with 10 per cent. increase, but defendant refused to repurchase.   This action for specific performance was commenced on the 16th day of September, 1913.   These facts are admitted, and the defendant pleads the six-year statute of limitations.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] I think that there can be no doubt that plaintiff's cause of action accrued six months after the date of the deed, to wit, on the 26th day of November, 1906. It is true that a demand was necessary before suit should be brought, but section 410 of the Code of Civil Procedure provides: "Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete. * * *" Plaintiff's cause of action accrued, therefore, on the 25th day of November, 1906, and as more than six years have elapsed since the cause of action accrued the action is barred if it falls within the provisions of section 382 of the Code of Civil Procedure.

The plaintiff seeks to avoid the effect of this section by the claim that his cause of action is in equity, and therefore governed by section 388 of the Code of Civil Procedure. His remedy in equity is concurrent with his remedy at law, and therefore, when his remedy at law is barred, his cause of action in equity is barred also. Zweigle v. Hohman, 75 Hun, 377, 27 N. Y. Supp. 111; In re Neilley, 95 N. Y. 382; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; Borst v. Corey, 15 N. Y. 506.

The defendant is entitled to judgment dismissing the complaint upon the merits, with costs.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

David J. Wagner, of New York City, for appellant.
Solon B. Lilienstern, of New York City, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Jaycox at Trial Term.

---

(164 App. Div. 355)

McAVOY v. PRESS PUB. CO.   (No. 6161.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. PLEADING (§ 362*)—PARTIAL DEFENSE—DENIALS.

In an action for libel, where defendant, under the heading, "For a first separate and distinct defense herein, both whole and partial," pleaded certain facts, and therein repeated certain denials of material allegations of the complaint, rendering it impossible for plaintiff, either by demurrer or by motion for judgment on the pleadings, to test the sufficiency of the matters pleaded as a complete defense, plaintiff was aggrieved by such denials, and entitled to have them stricken out, but not to have them stricken from the partial defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§§ 365, 367*)—MOTION TO STRIKE OUT—REQUIRING SERVICE OF AMENDED PLEADING.

Upon a motion to strike out allegations as irrelevant and redundant, and to have certain allegations made more certain, and for general relief, the notice of which did not demand that the facts pleaded together both as a complete and partial defense be separately pleaded, it was within the general prayer for relief for the court, which could not strike out the denials, to require the service of an amended pleading, setting forth the complete and partial defenses separately, and omitting the denials from the complete defense, and incorporating them in the partial defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1163–1172, 1173–1193; Dec. Dig. §§ 365, 367.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes